UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

**MILAGROS FRANCO**                                          Docket: **1:25-cv-02072-ALC**

                                   **Plaintiff,**            **DEFENDANT 841-853 FEE**
                                                             **OWNERS'S ANSWER TO**
                      **-against-**                          **PLAINTIFF'S COMPLAINT**
                                                             **WITH AFFIRMATIVE**
**841-853 FEE OWNER AND MAX BRENNER**                        **DEFENSES AND CROSS**
**UNION SQUARE LLC,**                                        **CLAIMS**

                                   **Defendants.**

-------------------------------------------------------------------------X

Defendant 841-853 FEE OWNER., (herein "Answering Defendant"), by and through their attorneys, Lydecker, by way of Answer to the Complaint of Plaintiff MILAGROS FRANCO, respond as follows:

### AS AND FOR AN ANSWER TO THE SECTION OF PLAINTIFF'S COMPLAINT ENTITLED "NATURE OF THE CLAIMS"

1.      Answering Defendant denies the allegations set forth in Paragraph 1 of the Complaint and refers all questions of law to the Court.

2.      Answering Defendant denies the allegations set forth in Paragraph 2 of the Complaint and refers all questions of law to the Court.

### AS AND FOR AN ANSWER TO THE SECTION OF COMPLAINT ENTITLED "JURISDICTION AND VENUE"

3.      Answering Defendant states that Paragraph 3 of the Complaint contains only legal conclusions that require no response and/or lacks factual allegations which require a response, however, to the extent a response is required, Answering Defendant denies the allegations and refers all questions of law to the Court.

4.      Answering Defendant states that Paragraph 4 of the Complaint contains only legal conclusions that require no response and/or lacks factual allegations which require a response,

1

however, to the extent a response is required, Answering Defendant denies the allegations and refers all questions of law to the Court.

**AS AND FOR AN ANSWER TO THE SECTION OF PLAINTIFF'S COMPLAINT ENTITLED "PARTIES"**

5.      Answering Defendant denies having sufficient knowledge or information to admit or deny the truth of allegations set forth in Paragraph 5 of the Complaint and refers all questions of law to the Court.

6.      Answering Defendant denies having sufficient knowledge or information to admit or deny the truth of allegations set forth in Paragraph 6 of the Complaint and refers all questions of law to the Court.

7.      Answering Defendant admits the allegation set forth in Paragraph 7 of the Complaint.

8.      Answering Defendant denies the allegations set forth in Paragraph 8 of the Complaint and refers all questions of law to the Court.

9.      Answering Defendant admits the allegations set forth in Paragraph 9 of the Complaint.

10.      Answering Defendant admits the allegations set forth in Paragraph 10 of the Complaint.

11.      Answering Defendant admits the allegations set forth in Paragraph 11 of the Complaint as to Answering Defendant, denies having sufficient knowledge or information to admit or deny the truth of the allegations as to Defendant Max Brenner Union Square LLC ("Defendant Max Brenner"), and refers all questions of law to the Court.

## AS AND FOR AN ANSWER TO THE SECTION OF PLAINTIFF'S COMPLAINT ENTITLED "ALLEGATIONS COMMON TO ALL CAUSES OF ACTION"

12.      Answering Defendant admits the allegations set forth in Paragraph 12 of the Complaint.

13.      Answering Defendant admits only that the premises is a public accommodation, states that the remainder of Paragraph 13 of the Complaint contains only legal conclusions that require no response and/or lacks factual allegations which require a response; however, to the extent a response is required, Answering Defendant denies the balance of allegations and refers all questions of law to the Court.

14.      Answering Defendant denies the allegations set forth in Paragraph 14 of the Complaint and refers all questions of law to the Court.

15.      Answering Defendant denies having sufficient knowledge or information to admit or deny the truth of allegations set forth in Paragraph 15 of the Complaint and refers all questions of law to the Court.

16.      Answering Defendant denies having sufficient knowledge or information to admit or deny the truth of allegations set forth in Paragraph 16 of the Complaint and refers all questions of law to the Court.

17.      Answering Defendant denies the allegations set forth in Paragraph 17 of the Complaint and refers all questions of law to the Court.

18.      Answering Defendant denies the allegations set forth in Paragraph 18 of the Complaint and refers all questions of law to the Court.

19.      Answering Defendant denies the allegations set forth in Paragraph 19 of the Complaint and refers all questions of law to the Court.

20.    Answering Defendant denies the allegations set forth in Paragraph 20 of the Complaint and refers all questions of law to the Court.

21.    Answering Defendant denies the allegations set forth in Paragraph 21 of the Complaint and refers all questions of law to the Court.

22.    Answering Defendant denies the allegations set forth in Paragraph 22 of the Complaint and refers all questions of law to the Court.

23.    Answering Defendant states that Paragraph 23 of the Complaint contains only legal conclusions that require no response and/or lacks factual allegations which require a response, however, to the extent a response is required, Answering Defendant denies the allegations and refers all questions of law to the Court.

24.    Answering Defendant denies the allegations set forth in Paragraph 24 of the Complaint and refers all questions of law to the Court.

25.    Answering Defendant denies the allegations set forth in Paragraph 25 of the Complaint and refers all questions of law to the Court.

26.    Answering Defendant denies the allegations set forth in Paragraph 26 of the Complaint and refers all questions of law to the Court.

27.    Answering Defendant admits the allegations set forth in Paragraph 27 of the Complaint.

28.    Answering Defendant admits the allegations set forth in Paragraph 28 of the Complaint.

29.    Answering Defendant admits the allegations set forth in Paragraph 29 of the Complaint.

30.     Answering Defendant denies having sufficient knowledge or information to admit or deny the truth of allegations set forth in Paragraph 30 of the Complaint and refers all questions of law to the Court.

31.     Answering Defendant denies having sufficient knowledge or information to admit or deny the truth of allegations set forth in Paragraph 31 of the Complaint and refers all questions of law to the Court.

32.     Answering Defendant denies having sufficient knowledge or information to admit or deny the truth of allegations set forth in Paragraph 32 of the Complaint and refers all questions of law to the Court.

33.     Answering Defendant denies having sufficient knowledge or information to admit or deny the truth of allegations set forth in Paragraph 33 of the Complaint and refers all questions of law to the Court.

34.     Answering Defendant denies having sufficient knowledge or information to admit or deny the truth of allegations set forth in Paragraph 34 of the Complaint and refers all questions of law to the Court.

35.     Answering Defendant denies having sufficient knowledge or information to admit or deny the truth of allegations set forth in Paragraph 35 of the Complaint and refers all questions of law to the Court.

36.     Answering Defendant denies having sufficient knowledge or information to admit or deny the truth of allegations set forth in Paragraph 36 of the Complaint and refers all questions of law to the Court.

37.     Answering Defendant denies having sufficient knowledge or information to admit or deny the truth of allegations set forth in Paragraph 37 of the Complaint and refers all questions of law to the Court.

38.     Answering Defendant denies having sufficient knowledge or information to admit or deny the truth of allegations set forth in Paragraph 38 of the Complaint and refers all questions of law to the Court.

39.     Answering Defendant denies having sufficient knowledge or information to admit or deny the truth of allegations set forth in Paragraph 39 of the Complaint and refers all questions of law to the Court.

40.     Answering Defendant denies having sufficient knowledge or information to admit or deny the truth of allegations set forth in Paragraph 40 of the Complaint and refers all questions of law to the Court.

41.     Answering Defendant denies having sufficient knowledge or information to admit or deny the truth of allegations set forth in Paragraph 41 of the Complaint and refers all questions of law to the Court.

42.     Answering Defendant denies having sufficient knowledge or information to admit or deny the truth of allegations set forth in Paragraph 42 of the Complaint and refers all questions of law to the Court.

43.     Answering Defendant denies having sufficient knowledge or information to admit or deny the truth of allegations set forth in Paragraph 43 of the Complaint and refers all questions of law to the Court.

44.     Answering Defendant denies having sufficient knowledge or information to admit or deny the truth of allegations set forth in Paragraph 44 of the Complaint and refers all questions of law to the Court.

45.     Answering Defendant denies the allegations set forth in Paragraph 45 of the Complaint and refers all questions of law to the Court.

46.     Answering Defendant denies the allegations set forth in Paragraph 46 of the Complaint and refers all questions of law to the Court.

47.     Answering Defendant denies the allegations set forth in Paragraph 47 of the Complaint and refers all questions of law to the Court.

48.     Answering Defendant denies the allegations set forth in Paragraph 48 of the Complaint and refers all questions of law to the Court.

49.     Answering Defendant denies the allegations set forth in Paragraph 49 of the Complaint and refers all questions of law to the Court.

50.     Answering Defendant denies the allegations set forth in Paragraph 50 of the Complaint and refers all questions of law to the Court.

51.     Answering Defendant denies the allegations set forth in Paragraph 51 of the Complaint and refers all questions of law to the Court.

52.     Answering Defendant denies having sufficient knowledge or information to admit or deny the truth of allegations set forth in Paragraph 52 of the Complaint as to Plaintiff's intentions, denies the balance of allegations, and refers all questions of law to the Court.

53.     Answering Defendant denies having sufficient knowledge or information to admit or deny the truth of allegations set forth in Paragraph 53 of the Complaint and refers all questions of law to the Court.

54.     Answering Defendant denies the allegations set forth in Paragraph 54 of the Complaint and refers all questions of law to the Court.

55.     Answering Defendant denies the allegations set forth in Paragraph 55 of the Complaint and refers all questions of law to the Court.

## AS AND FOR AN ANSWER THE SECTION OF PLAINTIFF'S COMPLAINT ENTITLED "FIRST CASUE OF ACTION (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)"

56.     As to Paragraph 56 of the Complaint, Answering Defendant repeats and re-alleges each and every answer as fully set forth herein.

57.     Answering Defendant denies having sufficient knowledge or information to admit or deny the truth of allegations set forth in Paragraph 57 of the Complaint and refers all questions of law to the Court.

58.     Answering Defendant states that Paragraph 58 of the Complaint contains only legal conclusions that require no response and/or lacks factual allegations which require a response, however, to the extent a response is required, Answering Defendant denies the allegations and refers all questions of law to the Court.

59.     Answering Defendant states that Paragraph 59 of the Complaint contains only legal conclusions that require no response and/or lacks factual allegations which require a response, however, to the extent a response is required, Answering Defendant denies the allegations and refers all questions of law to the Court.

60.     Answering Defendant denies the allegations set forth in Paragraph 60 of the Complaint and refers all questions of law to the Court.

61.     Answering Defendant denies the allegations set forth in Paragraph 61 of the Complaint and refers all questions of law to the Court.

62.     Answering Defendant denies the allegations set forth in Paragraph 62 of the Complaint and refers all questions of law to the Court.

63.     Answering Defendant denies the allegations set forth in Paragraph 63 of the Complaint and refers all questions of law to the Court.

64.     Answering Defendant denies the allegations set forth in Paragraph 64 of the Complaint and refers all questions of law to the Court.

65.     Answering Defendant denies the allegations set forth in Paragraph 65 of the Complaint and refers all questions of law to the Court.

66.     Answering Defendant denies the allegations set forth in Paragraph 66 of the Complaint and refers all questions of law to the Court.

67.     Answering Defendant denies the allegations set forth in Paragraph 67 of the Complaint and refers all questions of law to the Court.

68.     Answering Defendant denies the allegations set forth in Paragraph 68 of the Complaint and refers all questions of law to the Court.

69.     Answering Defendant denies the allegations set forth in Paragraph 69 of the Complaint and refers all questions of law to the Court.

70.     Answering Defendant denies the allegations set forth in Paragraph 70 of the Complaint and refers all questions of law to the Court.

### AS AND FOR AN ANSWER TO THE SECTION OF PLAINTIFF'S COMPLAINT ENTITLED "SECOND CAUSE OF ACTION (VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW)"

71.     As to paragraph 71 of the Complaint, Answering Defendant repeats and re-alleges each and every answer as fully set forth herein.

72.     Answering Defendant denies having sufficient knowledge or information to admit or deny the truth of allegations set forth in Paragraph 72 of the Complaint and refers all questions of law to the Court.

73.     Answering Defendant states that Paragraph 73 of the Complaint contains only legal conclusions that require no response and/or lacks factual allegations which require a response, however, to the extent a response is required, Answering Defendant denies the allegations and refers all questions of law to the Court.

74.     Answering Defendant states that Paragraph 74 of the Complaint contains only legal conclusions that require no response and/or lacks factual allegations which require a response, however, to the extent a response is required, Answering Defendant denies the allegations and refers all questions of law to the Court.

75.     Answering Defendant denies the allegations set forth in Paragraph 75 of the Complaint and refers all questions of law to the Court.

76.     Answering Defendant denies the allegations set forth in Paragraph 76 of the Complaint and refers all questions of law to the Court.

77.     Answering Defendant denies the allegations set forth in Paragraph 77 of the Complaint and refers all questions of law to the Court.

78.     Answering Defendant denies the allegations set forth in Paragraph 78 of the Complaint and refers all questions of law to the Court.

79.     Answering Defendant denies the allegations set forth in Paragraph 79 of the Complaint and refers all questions of law to the Court.

80.     Answering Defendant denies the allegations set forth in Paragraph 80 of the Complaint and refers all questions of law to the Court.

81.    Answering Defendant denies the allegations set forth in Paragraph 81 of the Complaint and refers all questions of law to the Court.

82.    Answering Defendant denies the allegations set forth in Paragraph 82 of the Complaint and refers all questions of law to the Court.

### AS AND FOR AN ANSWER THE SECTION OF PLAINTIFF'S COMPLAINT ENTITLED "THIRD CAUSE OF ACTION (VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW)"

83.    As to Paragraph 83 of the Complaint, Answering Defendant repeats and re-alleges each and every answer as fully set forth herein.

84.    Answering Defendant denies having sufficient knowledge or information to admit or deny the truth of allegations set forth in Paragraph 84 of the Complaint and refers all questions of law to the Court.

85.    Answering Defendant states that Paragraph 85 of the Complaint contains only legal conclusions that require no response and/or lacks factual allegations which require a response, however, to the extent a response is required, Answering Defendant denies the allegations and refers all questions of law to the Court.

86.    Answering Defendant denies the allegations set forth in Paragraph 86 of the Complaint and refers all questions of law to the Court.

87.    Answering Defendant denies the allegations set forth in Paragraph 87 of the Complaint and refers all questions of law to the Court.

88.    Answering Defendant denies the allegations set forth in Paragraph 88 of the Complaint and refers all questions of law to the Court.

89.    Answering Defendant denies the allegations set forth in Paragraph 89 of the Complaint and refers all questions of law to the Court.

90.     Answering Defendant denies the allegations set forth in Paragraph 90 of the Complaint and refers all questions of law to the Court.

91.     Answering Defendant denies the allegations set forth in Paragraph 91 of the Complaint and refers all questions of law to the Court.

92.     Answering Defendant denies the allegations set forth in Paragraph 92 of the Complaint and refers all questions of law to the Court.

93.     Answering Defendant denies the allegations set forth in Paragraph 93 of the Complaint and refers all questions of law to the Court.

94.     Answering Defendant denies the allegations set forth in Paragraph 94 of the Complaint and refers all questions of law to the Court.

95.     Answering Defendant denies the allegations set forth in Paragraph 95 of the Complaint and refers all questions of law to the Court.

96.     Answering Defendant denies the allegations set forth in Paragraph 96 of the Complaint and refers all questions of law to the Court.

97.     Answering Defendant denies the allegations set forth in Paragraph 97 of the Complaint and refers all questions of law to the Court.

98.     Answering Defendant denies the allegations set forth in Paragraph 98 of the Complaint and refers all questions of law to the Court.

99.     Answering Defendant denies the allegations set forth in Paragraph 99 of the Complaint and refers all questions of law to the Court.

100.    Answering Defendant denies the allegations set forth in Paragraph 100 of the Complaint and refers all questions of law to the Court.

101.    Answering Defendant denies the allegations set forth in Paragraph 101 of the Complaint and refers all questions of law to the Court.

102.    Answering Defendant denies the allegations set forth in Paragraph 102 of the Complaint and refers all questions of law to the Court.

## AS AND FOR THE SECTION OF PLAINTIFF'S COMPLAINT TITLED " FOURTH CASUE OF ACTION (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)"

103.    As to Paragraph 103 of the Complaint, Answer Defendant repeats and re-alleges each and every answer as fully set forth herein.

104.    Answering Defendant denies the allegations set forth in Paragraph 104 of the Complaint and refers all questions of law to the Court.

105.    Answering Defendant denies the allegations set forth in Paragraph 105 of the Complaint and refers all questions of law to the Court.

106.    Answering Defendant denies having sufficient knowledge or information to admit or deny the truth of allegations set forth in Paragraph 106 of the Complaint and refers all questions of law to the Court.

## AS AND FOR AN ANSWER THE SECTION OF PLAINTIFF'S COMPLAINT ENTITLED "INJUNCTIVE RELIEF"

107.    Answering Defendant denies the allegations set forth in Paragraph 107 of the Complaint and refers all questions of law to the Court.

108.    Answering Defendant denies the allegations set forth in Paragraph 108 of the Complaint and refers all questions of law to the Court.

109.    Answering Defendant denies the allegations set forth in Paragraph 109 of the Complaint and refers all questions of law to the Court.

**WHEREFORE,** Answering Defendant demands judgment against Plaintiff dismissing Plaintiff's Complaint in its entirety with prejudice, together with costs, attorneys' fees, and such other relief as the Court deems equitable and just

## AFFIRMATIVE DEFENSES

### AS AND FOR ANSWERING DEFENDANT'S FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR ANSWERING DEFENDANT'S SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute(s) of limitations.

### AS AND FOR ANSWERING DEFENDANT'S THIRD AFFIRMATIVE DEFENSE

At all times, Answering Defendant acted in conformity with applicable interpretations of the ADA, NYSHRL, NYCHRL, and NYCRL.

### AS AND FOR ANSWERING DEFENDANT'S FOURTH AFFIRMATIVE DEFENSE

The alleged barriers to access are not required to be removed and structural work is not required to be performed because the removal of such barriers are not readily achievable, easily accomplishable, and able to be carry out without much difficulty or expenses within the meaning of the Americans with Disabilities Act.

### AS AND FOR ANSWERING DEFENDANT'S FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to lack of standing and/or lack of capacity to sue, including that Plaintiff does not have a good faith intent to return to the subject property and patronize its facilities.

**<u>AS AND FOR ANSWERING DEFENDANT'S SIXTH AFFIRMATIVE DEFENSE</u>**

Plaintiff's claims which seek injunctive relief are barred, in whole or in part, by the doctrine of unclean hands.

**<u>AS AND FOR ANSWERING DEFENDANT'S SEVENTH AFFIRMATIVE DEFENSE</u>**

Plaintiff failed to mitigate damages.

**<u>AS AND FOR ANSWERING DEFENDANT'S EIGHTH AFFIRMATIVE DEFENSE</u>**

Any damages suffered by Plaintiff are speculative, not proximately caused by Answering Defendant's conduct, de minimis in nature, and fail to meet the legal standard for recovery under applicable law.

**<u>AS AND FOR ANSWERING DEFENDANT'S NINTH AFFIRMATIVE DEFENSE</u>**

The modifications demanded by Plaintiff would fundamentally alter the nature of the facility or accommodations located at the property and are not readily achievable.

**<u>AS AND FOR ANSWERING DEFENDANT'S TENTH AFFIRMATIVE DEFENSE</u>**

Plaintiff did not suffer any damages.

**<u>AS AND FOR ANSWERING DEFENDANT'S ELEVENTH AFFIRMATIVE DEFENSE</u>**

Plaintiff has not articulated a plausible proposal for barrier removal.

**<u>AS AND FOR ANSWERING DEFENDANT'S TWELFTH AFFIRMATIVE DEFENSE</u>**

The requested modifications would impose an undue burden on Answering Defendant.

**<u>AS AND FOR ANSWERING DEFENDANT'S THIRTEENTH AFFIRMATIVE DEFENSE</u>**

Any renovations did not constitute alterations.

**<u>AS AND FOR ANSWERING DEFENDANT'S FOURTEENTH AFFIRMATIVE DEFENSE</u>**

Any alterations made after 1992 were rendered accessible to the maximum extent feasible.

## AS AND FOR ANSWERING DEFENDANT'S FIFTEENTH AFFIRMATIVE DEFENSE

Defendant provides access through readily achievable alternate methods.

## AS AND FOR ANSWERING DEFENDANT'S SIXTEENTH AFFIRMATIVE DEFENSE

Any alterations proposed by Plaintiff would be structural impracticable.

## AS AND FOR ANSWERING DEFENDANT'S SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant has satisfied the maximum extent feasible standard.

## AS AND FOR ANSWERING DEFENDANT'S EIGHTEENTH AFFIRMATIVE DEFENSE

Allegations of intentional discrimination lack particularity and fail to meet applicable pleading standards.

## AS AND FOR ANSWERING DEFENDANT'S NINETEENTH AFFIRMATIVE DEFENSE

Any alleged lapse in accessibility was *de minimis* and does not substantially interfere with access.

## AS AND FOR ANSWERING DEFENDANT'S TWENTIETH AFFIRMATIVE DEFENSE

Answering Defendant is not the responsible party.

## AS AND FOR ANSWERING DEFENDANT'S TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring this lawsuit and, in the event Plaintiff has standing to bring this action, Plaintiff lacks standing to challenge any alleged barriers to access that they did not specifically encounter and/or that are not barriers for her.

## AS AND FOR ANSWERING DEFENDANT'S TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are knowingly false, legally frivolous, and brought for an improper purpose.

<u>**AS AND FOR ANSWERING DEFENDANT'S TWENTY-THIRD AFFIRMATIVE
DEFENSE**</u>

Plaintiff did not intend to shop at the premises or avail themselves of the goods or services
at the premises, but instead acted for the sole purpose of initiating a lawsuit.

<u>**AS AND FOR ANSWERING DEFENDANT'S TWENTY-FOURTH AFFIRMATIVE
DEFENSE**</u>

Plaintiff failed to exhaust administrative remedies or seek relief prior to filing suit.

<u>**AS AND FOR ANSWERING DEFENDANT'S TWENTY-FIFTH AFFIRMATIVE
DEFENSE**</u>

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

<u>**AS AND FOR ANSWERING DEFENDANT'S TWENTY-SIXTH AFFIRMATIVE
DEFENSE**</u>

To the extent any architectural barriers exist, they were not created, maintained, or
permitted by Answering Defendant, but by a third-party over which Answering Defendant lacks
control.

<u>**AS AND FOR ANSWERING DEFENDANT'S TWENTY-SEVENTH AFFIRMATIVE
DEFENSE**</u>

Plaintiff's claims are barred in whole or in part because Defendants' facilities comply with
applicable Safe Harbor provisions of the ADA, including those found in 28 C.F.R. §
36.304(d)(2)(i), exempting features constructed or altered in compliance with the 1991 Standards
prior to March 15, 2012.

<u>**AS AND FOR ANSWERING DEFENDANT'S TWENTY-EIGHTH AFFIRMATIVE
DEFENSE**</u>

Plaintiff's claims under the New York City Human Rights Law fail because the alleged
violations do not constitute a pattern, practice, or policy that results in a disparate impact on
disabled individuals.

## AS AND FOR ANSWERING DEFENDANT'S TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff declined reasonable accommodations or alternatives offered at the premises, thereby barring or reducing any potential recovery.

## AS AND FOR ANSWERING DEFENDANT'S THIRTIETH AFFIRMATIVE DEFENSE

To the extent Plaintiff was injured, such injury was caused in whole or in part by Plaintiff's own conduct, failure to follow posted signage, or refusal to seek staff assistance.

## AS AND FOR ANSWERING DEFENDANT'S THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of estoppel and laches.

## AS AND FOR ANSWERING DEFENDANT'S THIRTY-SECOND AFFIRMATIVE DEFENSE

Answering Defendant has acted in good faith at all times and in substantial compliance with all applicable federal, state, and local laws regarding accessibility.

## RESERVATION OF RIGHTS TO ASSERT ADDITIONAL AFFIRMATIVE DEFENSES

Answering Defendant reserves the right to raise additional Affirmative Defenses, or file any applicable pleadings, as discovery may reveal necessary or appropriate.

## RESERVATION TO STRIKE

Answering Defendant hereby reserves the right to move at or before trial of this matter to strike Plaintiff's Complaint on the grounds set forth in the Affirmative Defenses. Answering Defendant hereby reserves the right to move at or before trial of this matter to strike the aforesaid claims on the grounds that they fail to state a cause of action for which relief can be granted. Answering Defendant also hereby reserves the right to move at or before trial of this matter to dismiss the aforesaid Complaint on the grounds that it is barred by common law or statutory law or otherwise.

**WHEREFORE,** Answering Defendant demands judgment against Plaintiff dismissing Plaintiff's Complaint in its entirety with prejudice, together with costs, attorneys' fees, and such other relief as the Court deems equitable and just

## <u>AS AND FOR ANSWERING DEFENDANT'S FIRST CROSS-CLAIM FOR INDEMNIFICATION AGAINST CO-DEFENDANT MAX BRENNER UNION SQUARE LLC</u>

If Plaintiff was caused to sustain injuries and damages as alleged in Plaintiff's Complaint, said injuries and damages were caused by reason of the acts or omissions or commissions by Co-Defendant Max Brenner Union Square LLC and/or the agents, servants and/or employees of Co-Defendant Max Brenner Union Square LLC. If any judgment is recovered herein by Plaintiff against Answering Defendant, Answering Defendant is entitled to be indemnified and to recover the full amount of any such judgment and costs, and attorneys' fees incurred in the defense of the instant action from Co-Defendant Max Brenner Union Square LLC pursuant to common law indemnity and/or any applicable contract, express or implied, including but not limited to the lease between Answering Defendant and Co-Defendant Max Brenner Union Square LLC dated August 2005, and any amendments thereto.

**WHEREFORE**, Answering Defendant demands judgment against Co-Defendant Max Brenner Union Square LLC for the amount awarded in favor of the Plaintiff, together with costs of suit, attorneys' fees, and such other relief as the Court deems just and proper under the circumstances of this case.

## <u>AS AND FOR ANSWERING DEFENDANT'S SECOND CROSS-CLAIM FOR CONTRIBUTION AGAINST CO-DEFENDANT MAX BRENNER UNION SQUARE LLC</u>

If Plaintiff was caused to sustain injuries and damages as alleged in Plaintiff's Complaint, said injuries and damages were caused by the acts or omissions or commissions by Co Defendant Max Brenner Union Square LLC, and/or the agents, servants and/or employees of Co-Defendant Defendant Max Brenner Union Square LLC. If any judgment is recovered herein by Plaintiff against the Answering Defendant, Co- Defendant Max Brenner Union Square LLC shall be liable to Answering Defendant for the full amount of said judgment or for any part recovered on the basis of apportionment of responsibility for the alleged injuries and damages as found by the Court and/or jury.

**WHEREFORE**, Answering Defendant demands judgment against Co-Defendant Max Brenner Union Square LLC for the amount awarded in favor of the Plaintiff, together with costs of suit, attorneys' fees, and such other relief as the Court deems just and proper under the circumstances of this case.

Dated: Melville, New York
      May 30, 2025

                                **LYDECKER**

                    By:    /s/ Louis Brett Goldman
                                Louis Brett Goldman, Esq.
                                200 Broadhollow Road, Suite 207
                                Melville, New York 11747
                                (631) 260-1110
                                bgoldman@lydecker.com
                                *Attorneys for Defendant 841-853*
                                *Fee Owner LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 30, 2025, the foregoing document was filed electronically via the United States District Court for the Southern District of New York CM/ECF filing system and served upon all parties via the same as well as indicated below:

**Via ECF and Email**
Susan K. Smith, Esq.
Smith Legal Advisors
P.O. Box 22171
Green Bay, Wisconsin 54301
sksmith@smithlegaladvisors.com
*Attorneys for Plaintiff*

**Via ECF and Email**
Robert G. Hanski, Esq.
Hanski Partners LLC
85 Delancey Street
New York, New York 10002
rgh@disabilityrightsny.com
*Attorneys for Plaintiff*

**Via Regular Mail**
Max Brenner Union Square LLC c/o Max Brenner
37 West 17th Street, Suite 5-E
New York, New York 10011


Dated: Melville, New York
      May 30, 2025

**LYDECKER**

By:    /s/ Louis Brett Goldman
       Louis Brett Goldman, Esq.
       200 Broadhollow Road, Suite 207
       Melville, New York 11747
       (631) 260-1110
       bgoldman@lydecker.com
       *Attorneys for Defendant 841-853*
       *Fee Owner LLC*