UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MILAGROS FRANCO,

                              Plaintiff,

        v.

841-853 FEE OWNER LLC, MAX BRENNER
UNION SQUARE LLC AND MAX NY UNION
SQUARE LLC,

                              Defendants.
------------------------------------------------------------------x

1:25-CV-02072-ALC-GS

AMENDED COMPLAINT

JURY TRIAL REQUESTED

## AMENDED COMPLAINT

      Pursuant to Rules 15 and 21 of the Federal Rules Civil Procedure, plaintiff Milagros Franco ("Plaintiff"), by counsel, Hanski Partners LLC, as and for the Amended Complaint ("Complaint") in this action against Defendants 841-853 Fee Owner LLC ("Fee Owner Defendant"), Max Brenner Union Square LLC ("Assignor Defendant") and Max NY Union Square LLC ("Tenant Defendant", and together with Fee Owner Defendant and Assignor Defendant, the "Defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

      1.    This lawsuit opposes pervasive, ongoing, and inexcusable disability discrimination by the Defendants.  In this action, Plaintiff seeks declaratory, injunctive, and equitable relief, as well as monetary damages and attorney's fees, costs, and expenses to redress Defendants' unlawful disability discrimination against Plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et. seq.* and its implementing regulations, the New York State Human Rights Law ("NYSHRL"), Article 15 of the New York State Executive Law ("Executive Law"), the New York State Civil Rights Law, § 40 *et. seq.*, and the New York City Human Rights Law

("NYCHRL"), Title 8 of the Administrative Code of the City of New York
("Administrative Code").

2.    As explained more fully below, Fee Owner Defendant and Tenant
Defendant own, lease, lease to, operate, and control a place of public accommodation that
violates the above-mentioned laws, and Assignor Defendant previously owned, leased,
operated, and controlled the same place of public accommodation that violated the above-
mentioned laws.

3.    Defendants are vicariously liable for the acts and omissions of their
employees and agents for the conduct alleged herein.

4.    These Defendants made a financial decision to ignore the explicit legal
requirements for making their place of public accommodation accessible to persons with
disabilities – all in the hopes that they would never be caught.  In so doing, Defendants
made a calculated, but unlawful, decision that disabled customers are not worthy.  The
day has come for Defendants to accept responsibility.  This action seeks to right that
wrong via recompensing Plaintiff, and making Fee Owner Defendant's and Tenant
Defendant's place of public accommodation fully accessible so that Plaintiff can finally
enjoy the full and equal opportunity that Fee Owner Defendant and Tenant Defendant
provide to non-disabled customers.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188,
and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the
deprivation of Plaintiff's rights under the ADA.  The Court has supplemental jurisdiction

over Plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants' acts of discrimination alleged herein occurred in this district and Defendants' place of public accommodation that is the subject of this action is located in this district.

## PARTIES

7. At all times relevant to this action, Plaintiff Milagros Franco has been and remains currently a resident of the State and City of New York.

8. At all times relevant to this action, Plaintiff Milagros Franco has been and remains a wheelchair user. Plaintiff suffers from medical conditions that inhibit walking and restrict body motion range and movement.

9. Fee Owner Defendant owns the property located at 841 Broadway in New York County, New York (hereinafter referred to as "841 Broadway").

10. Fee Owner Defendant leased retail space at 841 Broadway to Assignor Defendant pursuant to a written lease agreement (the "Lease").

11. Assignor Defendant operated a chocolate themed restaurant doing business as Max Brenner within the retail space at 841 Broadway which it leased from Fee Owner Defendant (hereinafter referred to as the "Max Brenner premises").

12. On or about February 19, 2025, Assignor Defendant assigned the Lease to Tenant Defendant pursuant to a second amendment of the original lease.

13.     Following the assignment of the Lease, Tenant Defendant continued operating the chocolate themed restaurant doing business as Max Brenner within the Max Brenner premises.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

14.     Each of the Defendants is (or was) a public accommodation as they own, lease, lease to, control or operate a place of public accommodation, the Max Brenner premises located at 841 Broadway, within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code § 8-102) at all times relevant to this action.

15.     The Max Brenner premises is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code (§ 8-102)) as it is a facility operated by a private entity and its operations affect commerce.

16.     Numerous architectural barriers exist at the Max Brenner premises that prevent and/or restrict access to Plaintiff, a person with a disability, which include, but are not limited to, architectural barriers at the paths of travel.

17.     Upon information and belief, at some time after January 1992, alterations were made to 841 Broadway, including areas adjacent and/or attached to 841 Broadway.

18.     Upon information and belief, at some time after January 1992, alterations were made to the Max Brenner premises, and to areas of 841 Broadway related to the Max Brenner premises.

19.     The services, features, elements and spaces of the Max Brenner premises are not readily accessible to, or usable by Plaintiff as required by the 1991 ADA

Standards for Accessible Design codified in 28 C.F.R. Part 36, Appendix D (hereinafter referred to as the "1991 Standards" or the "1991 ADA") or in the 2010 ADA Standards for Accessible Design codified in 36 CFR part 1191 Appendices B and D and 28 CFR part 36 subpart D  (hereinafter referred to as the "2010 Standards" or the "2010 ADA").

20.     Because of Defendants' failure to comply with the above-mentioned laws, including but not limited to the 1991 Standards or the 2010 Standards and the Administrative Code, Plaintiff was and has been unable to enjoy safe, equal, and complete access to all of the areas of the Max Brenner premises that are open and available to the public.

21.     The Max Brenner premises has not been designed, constructed, or altered in compliance with the 1991 Standards, the 2010 Standards, the 1968 New York City Building Code, Administrative Code, Title 27 ("1968 BC"), including the 1968 BC Reference Standard ANSI 117.1-1986 ("1968 Ref Std"), the 2008 New York City Building Code ("2008 BC") including the 2008 BC Reference Standard ICC/ANSI 117.1 2003 ("2008 Ref Std"), the 2014 New York City Building Code ("2014 BC") including the 2014 BC Reference Standard ICC/ANSI 117.1 2009 ("2014/2022 Ref Std") and the 2022 New York City Building Code ("2022 BC") including the 2014/2022 Ref Std.

22.     Barriers to access that Plaintiff encountered and/or which deter Plaintiff from patronizing the Max Brenner premises as well as architectural barriers that exist include, but are not limited to, the following:

I.     There is no accessible route connecting all the public accommodations within the site.
*Defendants fail to provide that there is one accessible route connecting all the public accommodations within the site. See 1991 ADA §§ 4.3.2; 4.1.2(2) and 4.1.3(1); 2010 ADA§§ 206.1 and 206.2; 1968 BC§ 27-292.5,*

*1968 Ref Std § 4.3.2; 2008 BC § 1104; 2014 BC § 1104; and 2022 BC § 1104.*

II.    There is no accessible route to the raised platform dining area in the Max Brenner premises.
*Defendants fail to provide that there is one accessible route to the raised platform dining area. See 1991 ADA §§ 4.3.2, 4.1.2(2), 4.1.3(5) and 4.1.3(1); 2010 ADA §§ 206.1 and 206.2; 1968 BC § 27-292.5; 1968 Ref Std § 4.3.2; 2008 BC § 1108.2.9; 2014 BC § 1108.2.9; and 2022 BC § 1108.2.9.*

III.   There are steps to access raised platform dining area of the Max Brenner premises that are greater than ½-inch in height.
*Defendants fail to provide that changes in level at accessible routes greater than 1/2-inch-high shall be overcome with a ramp, elevator, or platform lift. See 1991 ADA § 4.3.8; and 1968 Ref Std § 4.3.8.*
*Defendants fail to provide that changes in level at accessible routes greater than 1/2-inch-high shall be ramped. See 2010 ADA § 303.4; 2008 Ref Std § 303.3; and 2014/2022 Ref Std § 303.4.*

IV.    There is no accessible route to the mezzanine dining area in the Max Brenner premises.
*Defendants fail to provide that there is one accessible route to the mezzanine dining area. See 1991 ADA §§ 4.3.2, 4.1.2(2), 4.1.3(5) and 4.1.3(1); 2010 ADA §§ 206.1 and 206.2; 1968 BC § 27-292.5; 1968 Ref Std § 4.3.2; 2008 BC § 1108.2.9; 2014 BC § 1108.2.9; and 2022 BC § 1108.2.9.*

V.     There are steps to access the mezzanine dining area of the Max Brenner premises that are greater than ½-inch in height.
*Defendants fail to provide that changes in level at accessible routes greater than 1/2-inch-high shall be overcome with a ramp, elevator, or platform lift. See 1991 ADA § 4.3.8; and 1968 Ref Std § 4.3.8.*
*Defendants fail to provide that changes in level at accessible routes greater than 1/2-inch-high shall be ramped. See 2010 ADA § 303.4; 2008 Ref Std § 303.3; and 2014/2022 Ref Std § 303.4.*

VI.    There is no accessible seating at any of the dining areas in the Max Brenner premises.
*Defendants fail to provide that at least 5% of the dining surfaces provided to customers are accessible. See 1991 ADA § 5.1; 2010 ADA § 226.1; 1968 BC § 27-292.10(a)(3); 2008 BC § 1109.11; and 2014 BC § 1109.10.*
*Defendants fail to provide that at least 5% of the dining surfaces provided to customers are accessible.  See 2022 BC § 1109.11.*

VII.   There are no accessible tables in the at grade dining area. All tables have chairs, and a pedestal and/or booths that obstruct knee and toe clearances required for a forward approach to the seating.

*Defendants fail to provide that at least 5% of the dining surfaces provided to customers are accessible. See 1991 ADA § 5.1; 2010 ADA § 226.1; 1968 BC § 27-292.10(a)(3); 2008 BC § 1109.11; and 2014 BC § 1109.10.*
*Defendants fail to provide that at least 5% of the dining surfaces provided to customers are accessible.  See 2022 BC § 1109.11.*
*Defendants fail to provide (due to chairs, table pedestals or table legs and/or booths) a clear floor space of 30 inches by 48 inches positioned for a forward approach and the required knee and toe clearance at accessible work surfaces and/or table surfaces. See 1991 ADA § 4.32.2; 2010 ADA § 902.2; 1968 Ref Std § 4.30.2; 2008 Ref Std § § 902.2; and 2014/2022 Ref Std § 902.2.*

VIII.   There is no accessible seating at the bar in the Max Brenner premises.



*Where food or drink is served at counters exceeding 34 inches in height for consumption by customers seated on stools or standing at the counter, a portion of the main counter which is 60 inches in length minimum shall be accessible or service shall be available at accessible tables within the same area. See 1991 ADA §§ 5.1 and 5.2.*
*Defendants fail to provide that where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall be accessible. See 2010 ADA §§ 226.1 and 902.*
*Defendants fail to provide that at least 5 percent of the seating and standing spaces are accessible. See 1968 BC § 27-292.10(a)(3); 2008 1109.11; and 2014 BC § 1109.10.*
*Defendants fail to provide that at least 5% of the dining surfaces provided to customers are accessible.  See 2022 BC § 1109.11.*

IX.    The bar counter in the Max Brenner premises exceed 34 inches in height.
*The tops of accessible dining surfaces shall be 28 inches minimum and 34 inches maximum above the finish floor.  See 1991 ADA § 4.32.4; 2010 ADA § 902.3; 1968 Ref Std § 4.30.4; 2008 Ref Std § § 902.3; and 2014/2022 Ref Std § 902.4.*

X.     The bar counter in the Max Brenner premises has a base that obstructs knee and toe clearances required for a forward approach to the seating.
*Defendants fail to provide (due to a base wall) a clear floor space of 30 inches by 48 inches positioned for a forward approach and the required knee and toe clearance at accessible work surfaces and/or table surfaces. See 1991 ADA § 4.32.2; 2010 ADA § 902.2; 1968 Ref Std § 4.30.2; 2008 Ref Std § § 902.2; and 2014/2022 Ref Std § 902.2.*

XI.    Accessible dining surfaces in the Max Brenner premises are not identified by the International Symbol of Accessibility (to the extent Defendants claim they provide accessible table(s)).

*Defendants fail to provide that accessible seating shall be identified by the International Symbol of Accessibility. See 2008 BC § 1110.1(9); 2014 BC § 1110.1(11); and 2022 BC § 1111.1(12).*

XII.    The toilet room designated as "accessible" in the Max Brenner premises is not accessible.

*Defendants fail to provide accessible toilet facilities. See 1991 ADA § 4.1.3(11); 2010 ADA § 213.1; 1968 BC § 27-292.12; 2008 BC § 1109.2; 2014 BC § 1109.2; and 2014 BC § 1109.2.*

XIII.    The toilet room designated as "accessible" in the Max Brenner premises lacks an accessible lavatory.

*Defendants fail to provide at least one accessible lavatory within accessible toilet and bathing facilities. See 1991 ADA § 4.23.6; 2010 ADA § 213.3.4; 1968 BC § 27-292.12; 2008 BC § 1109.2; 2014 BC § 1109.2 and 2022 BC § 1109.2.*

XIV.    The toilet room designated as "accessible" in the Max Brenner premises lacks an accessible mirror.

*Defendants fail to provide at least one accessible mirror within accessible toilet and bathing facilities. See 1991 ADA § 4.23.6; 2010 ADA § 213.3.5; 1968 BC § 4.19.6; 2008 Ref Std § 603.3; and 2014/2022 Ref Std § 603.3.*

XV.    The bottom edge of the reflective surface of the mirror in the toilet room designated as "accessible" in the Max Brenner premises is greater than 40 inches above the floor.

*Defendants fail to provide a mirror installed with the bottom edge of the reflecting surface 40 inches maximum above the finished floor.  See 1991 ADA §§ 4.22.6; 2010 ADA § 603.3; 1968 BC § 4.19.6; 2008 Ref Std § 603.3; and 2014/2022 Ref Std § 603.3.*

XVI.    The lavatory in the toilet room designated as "accessible" in the Max Brenner premises lacks protected hot water and drainpipes.

*Defendants fail to provide accessible lavatories and/or sinks with water supply and drain pipes that are insulated or otherwise configured to protect against contact. See 1991 ADA §§ 4.19.4 and 4.24.6; 2010 ADA § 606.5; 1968 Ref Std § 4.19.4; 2008 Ref Std § 606.6; and 2014/2022 Ref Std § 606.6.*

XVII.    The water closet in the toilet room designated as "accessible" in the Max Brenner premises has a flush control that is located on the wrong side, the closed side, of the fixture.

*Flush controls shall be located on the open side of the water closet. See 1991 ADA § 4.16.5; 2010 ADA-§ 604.6; 1968 Ref. Std § 4.16.5; 2008 Ref. Std § 604.6; and 2014/2022 Ref. Std § 604.6.*

23.     Plaintiff either personally encountered or has knowledge of such barriers to access.

24.     Upon information and belief, a full inspection of the Max Brenner premises will reveal the existence of other barriers to access.

25.     As required by the ADA and NYCHRL (remedial civil rights legislations) to properly remedy Defendants' discriminatory violations and avoid piecemeal litigation, Plaintiff requires a full inspection of the Max Brenner premises in order to catalogue and cure all of the areas of non-compliance with the ADA and NYCHRL.  Notice is therefore given that Plaintiff intends on amending the Complaint to include any violations discovered during an inspection that are not contained in this Complaint.

26.     Defendants have denied Plaintiff the opportunity to participate in or benefit from services or accommodations because of disability.

27.     Defendants have not satisfied their statutory obligation to ensure that their policies, practices, procedures for persons with disabilities are compliant with the laws. Nor have Defendants made or provided accommodations or modifications to persons with disabilities.

28.     Plaintiff has a realistic, credible, and continuing threat of discrimination from the Fee Owner Defendant's and Tenant Defendant's non-compliance with the laws prohibiting disability discrimination. The barriers to access within the Max Brenner premises continue to exist and deter Plaintiff.

29.     The Max Brenner premises is located at the border of the Greenwich Village and Union Square neighborhoods of Manhattan.

30.     The Union Square and Greenwich Village neighborhoods are serviced by multiple modes of public transportation including multiple lines of the New York City subway and bus systems.

31.     The Union Square and Greenwich Village neighborhoods are major commercial districts filled with parks, green markets, restaurants, movie theaters, specialty supermarkets and shops.

32.     Plaintiff enjoys dining at restaurants and cafes.

33.     Plaintiff enjoys going shopping and to the movies.

34.     Plaintiff goes to restaurants, cafes, movie theaters and stores that are accessible to her.

35.     Plaintiff frequents the area where the Max Brenner premises is located approximately four times a month.

36.     Plaintiff frequents the area where the Max Brenner premises is located, for personal enjoyment, to among other things, to dine.

37.     Plaintiff also frequents the area where the Max Brenner premises is located, because one of her favorite stores, Barnes and Noble, is located in the area.

38.     Plaintiff likewise frequents the area where the Max Brenner premises is located to attend civic events, including the annual Disability Pride parade.

39.     On or about November 2024 Plaintiff patronized the Max Brenner premises to dine.

40.     During the visit Plaintiff enjoyed a hamburger, a chocolate shake and dessert.

41.     Plaintiff enjoyed her meal at the Max Brenner premises, especially the Oreo Crepe.

42.     However, Plaintiff did not enjoy the fact that there were no accessible dining surfaces.

43.     Plaintiff also did not enjoy the fact that she was limited in her choice of seating locations.

44.     Plaintiff also did not enjoy the fact that the restroom designated as the accessible restroom was not accessible.

45.     Plaintiff desires the opportunity to enjoy fully enjoy the Max Brenner premises no different than a self-ambulating person.

46.     Being treated as inferior to other patrons based on disability by Defendants, mars Plaintiff's dining experience and deters her from returning to Max Brenner premises and enjoying its fare.

47.     Therefore, while Plaintiff wants to patronize the Max Brenner premises to enjoy its food and chocolate desserts, she is deterred from going to the Max Brenner premises due to the architectural barriers extant at the Max Brenner premises.

48.     Because of Defendants' failure to comply with the law, Plaintiff was and continues to be unable to enjoy safe, equal and complete access to the Max Brenner premises.

49.     By maintaining barriers to wheelchair access at the Max Brenner premises, Defendants denied and/or continue to deny Plaintiff on the basis of disability, full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations Defendants offer at the Max Brenner premises.

50.     Defendants discriminated and Fee Owner Defendant and Tenant Defendant continue to discriminate against mobility impaired customers by providing less and unequal access to their premises, services, offerings and accommodations than what they provide to nondisabled customers.

51.     Defendants discriminated and Fee Owner Defendant and Tenant Defendant continue to discriminate against mobility impaired customers by limiting and reducing the options available to mobility impaired customers as compared to the options available to nondisabled customers.

52.     Plaintiff desired and continues to desire to access and enjoy the entire Max Brenner premises but suffered hardship and emotional distress due to architectural barriers.

53.     Plaintiff is deterred from patronizing the Max Brenner premises due to the barriers to wheelchair access detailed herein.

54.     After the Max Brenner premises becomes fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code, Plaintiff intends to patronize the Max Brenner premises one or more times a year, when she is in the Union Square/Greenwich Village neighborhood of Manhattan.

55.     Plaintiff continues to suffer an injury due to Fee Owner Defendant's and Tenant Defendant's maintenance of architectural barriers at the Max Brenner premises. This is because she desires to dine at the Max Brenner premises but Fee Owner Defendant and Tenant Defendant deny her the opportunity to do so based on disability because they maintain architectural barriers at the Max Brenner premises.

56.     Defendants discriminated and/or continue to discriminate against Plaintiff in violation of the ADA, the NYSHRL and the NYCHRL as they created, maintain and have failed to remove architectural barriers to wheelchair access at the Max Brenner premises.

### FIRST CAUSE OF ACTION
**(VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT (AGAINST DEFENDANTS 841-853 FEE OWNER LLC AND MAX NY UNION SQUARE LLC ONLY)**

57.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

58.     Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA.  As a direct and proximate result of Plaintiff's disability, Plaintiff uses a wheelchair for mobility, and also has restricted use of arms and hands.

59.     The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation.  28 C.F.R. 36.201(b).

60.     Under the ADA, both the property owner and lessee are liable to the Plaintiff, and neither can escape liability by transferring their obligations to the other by contract (i.e. lease agreement).  28 C.F.R. 36.201(b).

61.     Fee Owner Defendant and Tenant Defendant have and continue to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to use their place of public accommodation all because Plaintiff is disabled.  Defendants 841-853 Fee Owner LLC's and Max NY Union Square LLC's policies and practices have and continue to subject Plaintiff to disparate treatment and disparate impact.

62. By failing to comply with the law in effect for decades, Fee Owner Defendant and Tenant Defendant have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

63. The Max Brenner premises are not fully accessible and fail to provide an integrated and equal setting for the disabled, all in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

64. Fee Owner Defendant and Tenant Defendant failed to make alteration accessible to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406 and 42 U.S.C. §12183(a)(2).

65. The paths of travel to the altered primary function areas were not made accessible in violation of 28 C.F.R. § 36.403.

66. Fee Owner Defendant and Tenant Defendant failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304. It would be readily achievable to make Fee Owner Defendant's and Tenant Defendant's place of public accommodation fully accessible.

67. By failing to remove the barriers to access where it is readily achievable to do so, Fee Owner Defendant and Tenant Defendant have discriminated against Plaintiff on the basis of disability in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

68. In the alternative, Fee Owner Defendant and Tenant Defendant have violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

69.     Fee Owner Defendant's and Tenant Defendant's failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et. seq.*, and 28 C.F.R § 36.101 *et. seq.*

70.     Fee Owner Defendant and Tenant Defendant have and continue to discriminate against Plaintiff in violation of the ADA by maintaining and/or creating an inaccessible public accommodation.

## SECOND CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW)
### (AGAINST ALL DEFENDANTS)

71.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

72.     Plaintiff suffers from various medical conditions that separately and together prevent the exercise of normal bodily functions in Plaintiff; in particular, the life activities of both walking and body motion range.  Plaintiff therefore suffers from a disability within the meaning of the Executive Law § 292(21).

73.     In 2019, the New York State legislature enacted legislation that provides effective immediately that the New York State Human Rights Law shall be "construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws, including those laws with provisions worded comparably to the provisions of this article, have been so construed". See Executive Law § 300 [effective date: August 12, 2019].

74.     By amending the Executive Law § 300 to mirror the text of the New York City Local Civil Rights Restoration Act of 2005 (Local Law 85 of 2005), the New York

State legislature confirmed the legislative intent to abolish parallel construction between the New York State Human Rights Law and related Federal anti-discrimination laws.

75.    Defendants have, and Fee Owner Defendant and Tenant Defendant continue to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use the Max Brenner premises all because Plaintiff is disabled.

76.    Defendants discriminated against Plaintiff in violation of NYSHRL (Executive Law § 296(2)), by maintaining and/or creating an inaccessible place of public accommodation, the Max Brenner premises.  Each of the Defendants have aided and abetted others in committing disability discrimination.

77.    Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of NYSHRL (Executive Law § 296(2)(c)(iii)).

78.    In the alternative, Defendants have failed to provide Plaintiff with reasonable alternatives to barrier removal as required in violation of NYSHRL (Executive Law § 296(2)(c)(v)).

79.    It would be readily achievable to make the Max Brenner premises fully accessible.

80.    It would not have imposed an undue hardship or undue burden on Assignor Defendant to make the Max Brenner premises fully accessible

81.    It would not impose an undue hardship or undue burden on Fee Owner Defendant and Tenant Defendant to make the Max Brenner premises fully accessible.

82.     As a direct and proximate result of Defendants' unlawful discrimination in violation of NYSHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

83.     Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
**(VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW)**
**(AGAINST ALL DEFENDANTS)**

84.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

85.     Plaintiff suffers from various medical conditions that separately and together, impair Plaintiff's bodily systems - in particular, the life activity of both walking and body motion range -and thus Plaintiff has a disability within the meaning of the NYCHRL (Administrative Code § 8-102).

86.     The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 85, clarified the scope of the Administrative Code in relation to the NYCHRL.  The Restoration Act confirmed the legislative intent to abolish "parallelism" between the NYCHRL and the Federal and New York State anti-discrimination laws by stating as follows:

> The provisions of this title shall be *construed liberally* for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act § 7 amending Administrative Code §8-130 of the NYCHRL (emphasis added). The Restoration Act is to be construed broadly in favor of Plaintiff to the fullest extent possible.  See also New York City Local Law 35 of 2016.

87.    Defendants have, and Fee Owner Defendant and Tenant Defendant continue to subject Plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of the Max Brenner premises all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).  Each of the Defendants have aided and abetted others in committing disability discrimination.

88.    Defendants have, and Fee Owner Defendant and Tenant Defendant continue to commit disability discrimination in violation of the Administrative Code (inclusive of § 8-107(4)) because of the violations of the ADA as alleged herein.

89.    Defendants have discriminated, and Fee Owner Defendant and Tenant Defendant continue to discriminate, against Plaintiff in violation of the NYCHRL (Administrative Code § 8-107(4)) by designing, creating and/or maintaining an inaccessible commercial facility/space.

90.    Defendants have subjected, and Fee Owner Defendant and Tenant Defendant continue to subject, Plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of the Max Brenner premises all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).

91.     Defendants' policies and procedures inclusive of the policies of refusing to expend funds to design, create and/or maintain an accessible commercial facility/space is a discriminatory practice in violation of NYCHRL (Administrative Code § 8-107 (4)).

92.     Defendants' failure to provide reasonable accommodations for persons with disabilities, inclusive of Defendants' failure to remove the barriers to access identified herein, and their consequent denial of equal opportunity to Plaintiff, constitutes an ongoing continuous pattern and practice of disability discrimination in violation of NYCHRL (Administrative Code §§ 8-107(4) and 8-107(15)).

93.     In violation of the NYCHRL (Administrative Code § 8-107(6)), Defendants have, and Fee Owner Defendant and Tenant Defendant continue to, aid and abet, incite, compel, or coerce each other in each of the other Defendants' attempts to, and in their acts of directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of the Max Brenner premises all because of disability, as well as other acts in violation of the NYCHRL.

94.     Defendants discriminated against Plaintiff in violation of the NYCHRL (Administrative Code, § 8-107(4)) by maintaining and/or creating an inaccessible public accommodation.

95.     Defendants' conduct also violates the NYCHRL, Administrative Code 8-107 (17), which states that "an unlawful discriminatory practice . . . is established . . . [when plaintiff] demonstrates that a policy or practice of a covered entity or a group of policies or practices of a covered entity results in a disparate impact to the detriment of any group protected by the provisions of this chapter."

96.    Because the Max Brenner premises is not readily accessible and usable by people with disabilities, Defendants have demonstrated a policy or practice that has a disproportionately negative impact on the disabled (including plaintiff).

97.    Assignor Defendant's conduct constituted an ongoing and continuous violation of the NYCHRL.

98.    Fee Owner Defendant's and Tenant Defendant's conduct constitutes an ongoing and continuous violation of the NYCHRL.

99.    Unless Fee Owner Defendant and Tenant Defendant are enjoined from further violations, Plaintiff will continue to suffer injuries for which there is no adequate remedy at law. In particular, Plaintiff will suffer irreparable harm by being denied the accommodations, advantages, facilities, or privileges of the Max Brenner premises.

100.    As a direct and proximate result of Defendants' unlawful discrimination in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, and embarrassment.

101.    Upon information and belief, Defendants' long-standing refusal to make the Max Brenner premises fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the NYCHRL.

102.    By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of the Max Brenner premises.

103.    Defendants engaged in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so

reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages pursuant to NYCHRL (Administrative Code § 8-502).

104.    By refusing to make the Max Brenner premises accessible, Defendants have unlawfully profited from their discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that they should have lawfully expended to pay for a fully compliant and accessible space.  Defendants' unlawful profits plus interest must be disgorged.

105.    Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**(VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)**
**(AGAINST ALL DEFENDANTS)**

106.    Plaintiff realleges and incorporates by reference all allegations set in this Complaint as if fully set forth herein.

107.    Defendants discriminated against Plaintiff pursuant to New York State Executive Law.

108.    Consequently, Plaintiff is entitled to recover the monetary penalty prescribed by Civil Rights Law §§ 40-c and 40-d for each and every violation.

109.    Notice of this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

**INJUNCTIVE RELIEF**

110.    Plaintiff will continue to experience unlawful discrimination as a result of Defendants' failure to comply with the above-mentioned laws.  Therefore, injunctive relief is necessary to order Fee Owner Defendant and Tenant Defendant to alter and

modify their place of public accommodation and their operations, policies, practices, and procedures.

111.    Injunctive relief is also necessary to make Fee Owner Defendant's and Tenant Defendant's facilities readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws.

112.    Injunctive relief is further necessary to order Fee Owner Defendant and Tenant Defendant to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA, NYSHRL, and the NYCHRL.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against:

I.    Fee Owner Defendant and Tenant Defendant, jointly and severally, in favor of Plaintiff that contains the following relief:

A.    Enter declaratory judgment declaring that Defendants have violated the ADA and its implementing regulations, the NYSHRL, and the NYCHRL and declaring the rights of Plaintiff as to Fee Owner Defendant's and Tenant Defendant's place of public accommodation, and Fee Owner Defendant's and Tenant Defendants' policies, practices, and procedures;

B.    Issue a permanent injunction ordering **Fee Owner Defendant and Tenant Defendant to close and cease all business at the Max Brenner premises** until

Fee Owner Defendant and Tenant Defendant remove all violations of the ADA, the 1991 Standards or the 2010 Standards, the NYSHRL, and the NYCHRL, including but not limited to the violations set forth above;

       C.    Retain jurisdiction over Fee Owner Defendant and Tenant Defendant until the Court is satisfied that Fee Owner Defendant's and Tenant Defendant's unlawful practices, acts and omissions no longer exist and will not reoccur; and

       D.    Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the ADA.

    II.    Assignor Defendant, in favor of Plaintiff that contains the following relief:

       A.    Enter declaratory judgment declaring that Assignor Defendant has violated the NYSHRL, and the NYCHRL.

    III.    Defendants, in favor of Plaintiff that contains the following relief:

       A.    Award Plaintiff compensatory damages as a result of Defendants' violations of the NYSHRL and the NYCHRL;

       B.    Award Plaintiff punitive damages in order to punish and/or deter Defendants for their violations of the NYCHRL;

       C.    Award Plaintiff the monetary penalties for each and every violation of the law, per defendant, pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

       D.    Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the NYSHRL and the NYCHRL; and

E.    For such other and further relief, at law or in equity, to which

Plaintiff may be justly entitled.

Dated: October 9, 2025
          New York, New York

Respectfully submitted,

**HANSKI PARTNERS LLC**

By:___/s/ Robert G. Hanski_____
          Robert G. Hanski, Esq.
          Attorneys for Plaintiff
          4 International Drive, Suite 110
          Rye Brook, New York 10573
          Telephone: (212) 248-7400
          Email: rgh@disabilityrightsny.com