

**NATIONAL LITIGATION LAW FIRM**

November 14, 2025



<u>Via ECF</u>
The Honorable Gary Stein
United States Magistrate Judge
United States District Court,
500 Pearl Street
New York, New York 10007

    Re:    <u>Milagros Franco v. 841-853 Fee Owner LLC, et al.; Docket No. 25-cv-02072 (GS)</u>

Dear Judge Stein:

    We represent Defendant 841-853 Fee Owner LLC ("Defendant Fee Owner") in the above referenced matter. Pursuant to the Court's Order dated November 3, 2025 (ECF No. 27), and after having met and conferred, we respectfully submit this joint status letter on behalf of Defendant Fee Owner and Plaintiff

I.    Status of Discovery

    After meeting and conferring, the appearing parties (Defendant Fee Owner and Plaintiff) hereby request an extension of the fact discovery deadline to February 13, 2026 and the expert discovery deadline to May 13, 2026 and propose the below schedule, subject to the Court's approval.

    Defendant Fee Owner provided its Rule 26 initial disclosures on November 7, 2025. Provided the Court extends the fact discovery deadline as requested below, Plaintiff does not presently intend to move for sanctions; however, she requests the Court extend its time to move and/or seek leave to move for sanction to December 12, 2025 if Defendant Fee Owner has not provided responses to Plaintiff's First Request for Documents and First Set of Interrogatories by December 7, 2025 consistent with the schedule below.

    a.    All fact discovery shall be completed by February 13, 2026.

    b.    Defendant Fee Owner shall serve responses to Plaintiff's First Request for Documents and First Set of Interrogatories no later than December 7, 2025.

    c.    Defendant Fee Owner shall serve initial requests for production and interrogatories no later than November 21, 2025.

    d.    Defendant Fee Owner to facilitate an inspection of the subject premises no later than, March 9, 2026.

      e.      Requests to admit shall be served by January 9, 2026.

      f.      Depositions shall be completed by January 23, 2026.

      g.      All expert discovery shall be completed by May 13, 2026.

II.    Case as to Defendants Max Brenner Union Square LLC and Max NY Union Square LLC

On October 9, 2025 Plaintiff filed her amended complaint which added a new defendant, Max NY Union Square LLC. ECF No. 22. Max Brenner Union Square LLC's answer was due by October 23, 2025. Fed. R. Civ. P. 5(a)(2) and 15(a)(3). Max NY Union Square LLC's answer was due by November 12, 2025. ECF No. 26. Neither entity has answered or otherwise appeared. In an attempt to prompt their appearance, Plaintiff will serve both entities with a copy of the amended complaint by U.S. mail on or before November 21, 2025.

On November 13, 2025 Defendant Fee Owner filed its Answer to Plaintiff's amended complaint and also asserted crossclaims against Max Brenner Union Square LLC and Max NY Union Square LLC. Defendant Fee Owner served copies on Max Brenner Union Square LLC and Max NY Union Square LLC by U.S. Mail and included a copy of the amended complaint therewith. Their answers to those crossclaims are due by November 27, 2025 and December 4, 2025, respectively.

To encourage the appearance of the non-appearing defendants, the appearing parties respectfully request that the Court issue an Order directing the appearing parties to (i) seek a certificate of default against Max Brenner Union Square LLC and Max NY Union Square LLC within 31 days (by December 15, 2025) if those non-appearing defendants do not answer or otherwise appear before December 5, 2025; and (ii) serve a copy of such Order on those entities by U.S. mail.

Thank you for your time and consideration of this matter.

The Court appreciates this update from the parties. Accordingly, the discovery schedule shall be extended to align with the dates submitted by the parties. Additionally, the Court grants Plaintiff's request to extend its time to move and/or seek leave to move for sanctions to December 12, 2025 if Defendant Fee Owner has not provided responses to Plaintiff's First Request for Documents and First Set of Interrogatories by December 7, 2025 is granted. Finally, since it appears that the time for Defendants Max Brenner Union Square LLC and Max NY Union Square LLC to answer the amended complaint and the cross-claims has not yet run, the Court finds it premature to issue an Order directing Plaintiff or the cross-claiming Defendant to move for entry of default based on the supposition that answers will not be filed. SO ORDERED

Date:   New York, New York
          November 18, 2025

*Gary Stein*
**Gary Stein**
United States Magistate Judge
Southern District of New York